UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF GOLDEN EYE 2000, LLC | Case No. 19-cv-03402-HSG<br><br>**ORDER GRANTING PLAINTIFF-IN-LIMITATION'S MOTION FOR DEFAULT JUDGMENT AND PARTIES' JOINT STIPULATION TO REMAND AND STAY CASE**<br><br>Re: Dkt. Nos. 19, 20 |

Plaintiff-in-Limitation Golden Eye 2000, LLC ("Golden Eye") initiated this admiralty action under the Limitation of Liability Act, 46 U.S.C. § 30511, and Supplemental Admiralty and Maritime Claims Rule F ("Rule F"). Currently before the Court is Golden Eye's motion for default judgment against all non-appearing claimants. Dkt. No. 19. The parties also filed a joint stipulation requesting that the Court remand and stay this case pending resolution of the state court action. Dkt. No. 20.

**I.  BACKGROUND**

The Limitation of Liability Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 446 (2001); 46 U.S.C. § 30505. Golden Eye filed this action seeking exoneration from or limitation of liability against all parties for losses, injuries, and/or damages arising out of an incident which occurred on the Golden Eye vessel on or around December 15, 2018. Dkt. No. 1. Having found that Golden Eye complied with the applicable requirements in Rule F(1), the Court ordered the issuance of notice and directed all potential claimants to file any claims and/or answers relating to the incident at issue on or before July 22, 2019. Dkt. Nos. 9, 10. In accordance with Rule F(3), the Court also

1 stayed any other actions against Golden Eye involving related claims. Dkt. No. 9.

Between June 24, 2019 and July 15, 2019, Golden Eye published a "Notice to Claimants of Filing of Limitation Proceeding" in the *San Francisco Daily Journal*, in compliance with Rule F(4). Dkt. No. 11. The notice stated that any potential claimants must file claims with the Court on or before July 22, 2019. Dkt. No. 11-1, Ex. A. Claimant Vitaliy Peshko filed his answer and claim on July 19, 2019. Dkt. No. 12. No other claimant filed an answer and/or claim. Golden Eye filed a motion for entry of default and on September 25, 2019, the clerk entered default as to all non-appearing claimants. Dkt. No. 18.

Golden Eye now moves for the Court to enter default judgment against all non-appearing claimants. Dkt. No. 19. Mr. Peshko does not oppose the motion. Dkt. No. 20 at 2. The parties also seek to remand this case to the Alameda County Superior Court. *Id*.

## II. MOTION FOR DEFAULT JUDGMENT

When a party has failed to plead or defend against a complaint, the clerk "must enter the party's default." Fed. R. Civ. P. 55(a). Following an entry of default, the Court may enter a default judgment upon request. Fed. R. Civ. P. 55(b)(2). However, the Court's decision to enter a default judgment is "discretionary." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When default has been entered, the "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

In cases arising under Rule F, if the plaintiff-in-limitation fulfilled its Rule F notice obligations, the court may enter default judgment against any potential claimant who has failed to respond to public notice of a complaint within the mandated period. *Matter of Bountiful Oceans, Inc.*, No. 17CV03625JSWMEJ, 2017 WL 9840304, at *4 (N.D. Cal. Nov. 8, 2017), *report and recommendation adopted*, No. C 17-03625 JSW, 2017 WL 9839118 (N.D. Cal. Dec. 20, 2017) (citations omitted).

As already discussed, Golden Eye complied with the notice procedures in Rule F. As of the date of this order, no claimant other than Mr. Peshko has filed a claim and/or answer. The Court thus **GRANTS** Golden Eye's motion for default judgment against non-appearing claimants.

2

## III. STIPULATION TO REMAND AND STAY

Federal district courts have exclusive jurisdiction over "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). However, 28 U.S.C. § 1333 contains a "savings to suitors clause," which "sav[es] to suitors in all cases all other remedies to which they are entitled." *Id.*; *see Lewis*, 531 U.S. at 442. To address the apparent tension between the savings to suitors clause and the federal courts' exclusive admiralty jurisdiction, the Supreme Court has held that the district court has "discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court." *Lewis*, 531 U.S. at 454. Before allowing a suitor to pursue claims in state court, the district court must be satisfied that "a vessel owner's right to seek limitation will be protected." *Id.* Courts have generally permitted claimants to proceed with their claims in state court where there is only a single claimant ("single claimant exception"), or where the total claims do not exceed the value of the limitation fund. *Id.* at 451 (citations omitted).

Here, the parties filed a stipulation to remand the case to state court under the single claimant exception. Dkt. No. 20. Under that exception, "if only *one* claim has been filed and 'nothing appears to suggest the possibility of another claim,' a district court is required to dissolve its injunction to permit the single claimant to pursue a separate action and jury trial." *In re Ross Island Sand and Gravel,* 226 F.3d 1015, 1017 (9th Cir. 2000). A claimant must also stipulate to the following: "(1) that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim *res judicata* based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation of liability issues." *Id*.

The Court finds that the parties have made the necessary stipulations to proceed in state court. The parties made the following stipulations: Mr. Peshko is the sole claimant in this action; the value of the limitation fund ($500,000) represents the value of Golden Eye's interest in the subject vessel; the parties waive the right to claim *res judicata* based on any decisions, rulings, or judgment of any other court rendered against Golden Eye outside the limitation proceeding before this Court; and Mr. Peshko concedes that the Court has exclusive jurisdiction to determine the limitation of liability issue. Dkt. No. 20 at 2–3.

Accordingly, the Court dissolves the injunction against any state court proceedings involving claims related to this action and **GRANTS** the parties' joint stipulation to remand the case. This case will be held in abeyance until judgment is rendered in the state court proceeding or an issue within the Court's exclusive admiralty jurisdiction arises.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Golden Eye's motion for default judgment against non-appearing claimants. Dkt. No. 19. It is further ordered that:

1. The default of all persons who may have sustained any and all loss or damage of any nature whatsoever occasioned by or resulting from or in any way consequent upon the aforesaid events, on or about December 15, 2018, involving the vessel GOLDEN EYE 2000 described above, or by reason of any other matters arising out of the above-described events, and have failed to file claims in this action in accordance with the Court-ordered deadlines that have now passed, is confirmed, noted, and entered; and

2. All such persons are barred and permanently restrained from filing and/or prosecuting in any court, all claims which might properly have been filed in this limitation proceeding; and

3. Default judgment is hereby entered for Plaintiff-in-Limitation GOLDEN EYE 2000, LLC against all persons that have failed to file claims in this action in accordance with the Court-ordered deadlines that have now passed, and pursuant to said judgment Plaintiff-in-Limitation be exonerated from liability on all future claims for loss, injury, expense, or damage arising out of the aforesaid events, on or about December 15, 2018, involving the vessel GOLDEN EYE 2000 described above, claimed by any and/or all such persons.

The Clerk is directed to enter judgment for Plaintiff-in-Limitation against the non-appearing claimants according to the above.

//

//

//

//

The Court further **GRANTS** the parties' joint stipulation. Dkt. No. 20. The Court **ORDERS** this case **REMANDED** to the California Superior Court for Alameda County. This case is hereby **STAYED** and the parties are **DIRECTED** to submit a joint status report every 180 days updating the Court on the status of the state court proceeding. The Clerk is directed remand the case and administratively close the file.

**IT IS SO ORDERED.**

Dated: 11/1/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge